UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 04-54-DCR |
| | ) | Civil Action No. 6: 09-7069-DCR |
| V. | ) | |
| | ) | |
| LEON COMBS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant/Movant Leon Combs' multiple *pro se* motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record Nos. 52, 64, 67, 78, 98] Consistent with local practice, the motions were referred to United States Magistrate Judge Edward B. Atkins for consideration pursuant to 28 U.S.C. § 636(b)(1)(B).

Magistrate Judge Atkins filed his Report and Recommendation on June 17, 2011. [Record No. 99] Based on his review of the record and the applicable law, the magistrate judge recommended that Combs' motions be denied. Combs filed objections to the magistrate judge's recommendation on July 5, 2011. [Record No. 100] He then filed an additional motion challenging the constitutionality of the statute under which he was convicted. [Record No. 101] Having reviewed all matters relevant to Combs' various motions, the Court concludes that the Report and Recommendation of the magistrate judge should be adopted in full and, further, that Combs' subsequent motion is without merit. Accordingly, all of the motions will be denied.

-1-

**I.**

Combs was convicted in 2001 on four charges involving drugs and firearms. Relevant for present purposes are Counts III and IV of the original indictment, each of which alleged a violation of 18 U.S.C. § 924(c). That statute provides:

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, [be subject to additional punishment].

18 U.S.C. § 924(c)(1)(A). On appeal, the Sixth Circuit determined that § 924(c) criminalizes two separate offenses: (1) using or carrying a firearm "during and in relation to" a crime of violence or drug-trafficking crime (the "use" offense), and (2) possessing a firearm "in furtherance of" such a crime. *United States v. Combs* (*Combs I*), 369 F.3d 925, 933 (6th Cir. 2004). Because Count III mixed an element of the possession offense (possessing a firearm) with an element of the use offense ("during and in relation to a drug trafficking crime"), the court held, it did not charge a federal crime. *Id.* at 934. As a result, the Sixth Circuit reversed Combs' conviction on that count and remanded to this Court (Hood, J., presiding) for dismissal of the indictment. *See id.*

Count IV of the indictment contained no such error. *Id.* However, the Sixth Circuit found that it had been impermissibly amended by the Court's instructions and other statements to the jury. *See id.* at 936. As a result, Combs' conviction on that count was also reversed. *Id.* At the conclusion of its opinion, the Sixth Circuit stated: "For the foregoing reasons, we reverse Combs's convictions on Count III and Count IV. We affirm the remainder of his conviction and

remand this case to the district court for re-sentencing and further proceeding consistent with this opinion." *Id.* at 941.

Upon remand, Combs was re-indicted on the two firearms charges. The first count charged a use offense under § 924(c), while the second alleged possession. Combs was again convicted, this time in a bench trial. The day of his sentencing on the new § 924(c) convictions, the Court dismissed Counts III and IV of the original indictment. Combs appealed his second conviction to the Sixth Circuit on two grounds. *United States v. Combs*, 218 F. App'x 483 (6th Cir. 2007). First, he argued that the evidence was insufficient to support his conviction on either of the charges. He also asserted that, with respect to the second count, there had been a prejudicial variance between the evidence presented and the offense charged. Combs raised in his brief but did not develop the issues of double jeopardy, the Sixth Circuit's prior mandate, and the district court's jurisdiction. Accordingly, those issues were deemed waived. *See id.* at 488. The Sixth Circuit affirmed Combs' convictions on the second set of § 924(c) charges. *See id.*

Two years after his second appeal was decided, Combs filed his first § 2255 motion. [*See* Record No. 52] While that motion was pending, he filed several additional motions seeking relief from his convictions. [*See* Record Nos. 64, 67, 78, 98] Each of those motions was addressed by Magistrate Judge Atkins in his Report and Recommendation. [Record No. 100]

**II.**

The Court will address Combs' objections to the Report and Recommendation before turning to his later motion challenging the § 924(c) convictions.

    **A.**    **Objections to Report and Recommendation**

The Court reviews de novo those portions of the Report and Recommendation to which Combs objects. *See* 28 U.S.C. § 636(b)(1)(C). In his objections, Combs contests the magistrate judge's findings with respect to four issues: (1) whether this Court violated the mandate of the Sixth Circuit in his first appeal; (2) whether, as a result of its supposed failure to comply with the mandate, the Court lacked jurisdiction to try him on the second set of firearms charges; (3) whether his second trial subjected him to double jeopardy; and (4) whether Assistant United States Attorney Roger West committed fraud on the court by re-indicting him. [*See* Record No. 100] Because the first two issues are related, the Court will address them jointly.

### 1.     Mandate Rule and District Court's Jurisdiction Following Remand

Combs asserts that he received ineffective assistance of counsel because his attorney did not challenge this Court's jurisdiction after the first case was remanded. According to Combs, the Court lacked jurisdiction upon remand to do anything other than dismiss Counts III and IV of the original indictment and resentence him on the two drug convictions. [*See* Record No. 52, pp. 14-16] Combs maintains that, by allowing him to be re-indicted under § 924(c), the Court violated the Sixth Circuit's mandate, and that his counsel was ineffective in not pursuing this issue. [*Id.*]

As noted by the magistrate judge, substantive claims that were not raised on direct appeal cannot be attacked in a habeas proceeding unless the petitioner shows (1) cause and prejudice or (2) that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998). [*See* Record No. 100, pp. 4-5] However, claims of ineffective assistance are generally excluded from

the cause-and-prejudice requirement. *Massaro v. United States*, 538 U.S. 500, 504-09 (2003). Combs' first argument, therefore, is not procedurally barred.

Ineffective-assistance claims are evaluated using the standard set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under *Strickland*, the defendant must first establish "that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. In other words, the attorney's performance must "[fall] below an objective standard of reasonableness." *Id.* at 688. The second prong of the *Strickland* inquiry is whether the defendant was prejudiced by his attorney's deficient performance. *Id.* at 687. To satisfy the prejudice requirement, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. When evaluating an ineffectiveness claim, the Court "must indulge a strong presumption" that counsel rendered effective assistance. *Id.* at 689. If either part of the *Strickland* test is not met, the Court's inquiry ends. *Id.* at 697 ("[T]here is no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

Combs has not shown that his counsel's failure to pursue his mandate-rule argument was unreasonable. A violation of the mandate rule occurs when the district court "exceed[s] the scope of the remand order." *United States v. Moore*, 131 F.3d 595, 598 (6th Cir. 1997). Here, the remand at issue was general, not limited. A limited remand is one that "explicitly outline[s]

the issues to be addressed by the district court and create[s] a narrow framework within which the district court must operate. General remands, in contrast, give district courts authority to address all matters as long as remaining consistent with the remand." *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999); *see also Moore*, 131 F.3d at 598 ("[A] limited remand constrains the district court's resentencing authority to the issue or issues remanded."). A remand is presumed to be general unless it "convey[s] clearly the intent to limit the scope of the district court's review by outlining the procedure the district court is to follow, articulating the chain of intended events, and leaving no doubt as to the scope of the remand." *United States v. Shafer*, 23 F. App'x 380, 382 (6th Cir. 2001); *see Moore*, 131 F.3d at 598 ("In the absence of an explicit limitation, the remand order is presumptively a general one.").

The mandate in *Combs I* contained no such explicit instructions. Rather, it simply stated that the case was being remanded "for re-sentencing and further proceeding consistent with this opinion." 369 F.3d at 941. The Sixth Circuit has found such language to be indicative of a general remand. *See Moore*, 131 F.3d at 598-99. In *Moore*, the court examined three cases involving remand language similar to that at issue here and concluded: "Each one of those cases involved a remand order that simply vacated or reversed the sentence imposed by the district court and remanded for resentencing. The orders placed no limitations on the scope of the remand. As such, those orders were general rather than limited." *Id.* at 599; *see id* at 598 (discussing *United States v. Young*, 66 F.3d 830 (7th Cir.1995); *United States v. Caterino*, 29 F.3d 1390 (9th Cir. 1994); *United States v. Cornelius*, 968 F.2d 703 (8th Cir. 1992)).

Because there were no limitations placed on the scope of the Sixth Circuit's remand in *Combs I*, the Court could not have violated the mandate rule. *See id.* at 599. Thus, Combs' arguments on this issue are without merit, and his attorney was not ineffective in failing to pursue them.

### 2.     Double Jeopardy

Combs also asserts that his counsel should have challenged his second indictment and conviction on double-jeopardy grounds. As the Supreme Court has explained, however, "[t]he law is clear 'that the Double Jeopardy Clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction.'" *United States v. Koubriti*, 509 F.3d 746, 749 (6th Cir. 2007) (quoting *Lockhart v. Nelson*, 488 U.S. 33, 38 (1988)). In other words, double jeopardy concerns do not arise where a defendant's conviction has been reversed on appeal for any reason other than insufficient evidence.[1] *Montana v. Hall*, 481 U.S. 400, 402 (1987) (per curiam) ("It is a venerable principle of double jeopardy jurisprudence that the successful appeal of a judgment of conviction, on any ground other than the insufficiency of the evidence to support the verdict, poses no bar to further prosecution on the same charge." (citation, alteration, and quotation marks omitted)). The *Hall* Court further observed: "It is clear that the Constitution

---

1    Combs cites a Sixth Circuit case, *Saylor v. Cornelius*, 845 F.2d 1401 (6th Cir. 1988), that allowed an exception to this rule "where the first trial ended without a verdict on the relevant charge for reasons of the prosecution's making." *Id.* at 1403. However, the holding in *Saylor* was limited to the specific facts of that case and, for the reasons explained in detail by Magistrate Judge Atkins, is not applicable here. [*See* Record No. 99, pp. 14-16]

permits retrial after a conviction is reversed because of a defect in the charging instrument." *Id.* at 404.

In Combs' case, the Sixth Circuit did not reverse his first two firearms convictions because there was insufficient evidence to support them. Rather, his conviction on Count III was reversed due to a flaw in the indictment, while the Count IV reversal resulted from error in the jury instructions.[2] *See Combs I*, 369 F.3d at 934-36. Under well-established Supreme Court precedent, his subsequent re-indictment did not violate the Double Jeopardy Clause. *See Lockhart*, 488 U.S. at 38; *Hall*, 481 U.S. at 402, 404. Because Combs' double-jeopardy argument is meritless, his appellate counsel was not ineffective for waiving the issue.

### 3.   Fraud on the Court

Building upon his mandate-rule argument, Combs contends that the Assistant United States Attorney who prosecuted him committed fraud on the Court by filing a second indictment when Combs' case had already "r[u]n its full course." [Record No. 67, p. 2] Combs initially framed this argument as a motion for relief from judgment under Federal Rule of Civil Procedure 60(d)(3). [*See id.*, pp. 1; Record No. 67-1, p. 1] Because a Rule 60 motion may not be used to challenge a criminal conviction, however, Magistrate Judge Atkins construed Combs' motion as yet another § 2255 petition. [*See* Record No. 99, p. 25] The magistrate judge found that Combs had failed to prove the elements of a fraud-on-the-court claim. [*See id.*, pp. 25-26]

---

2   Although Combs suggests that his convictions were reversed due to insufficient evidence, the passage he cites refers to the Sixth Circuit's conclusion that the *indictment* was insufficient with respect to Count III. [*See* Record No. 52-2, p. 19 (quoting *Combs I*, 369 F.3d at 936)]

In his objections to the Report and Recommendation, Combs does not attempt to refute the magistrate judge's findings with respect to fraud on the Court but instead changes his argument. He now asserts that he is entitled to relief under Federal Rule of Civil Procedure 60(b)(4) because the judgment entered in this case is void. [*See* Record No. 100, p. 14] He offers several case citations regarding when a Rule 60(b) motion may be filed. [*See id.*, p. 14 (citing *United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367 (2010); *Whelton v. Educ. Credit Mgmt. Corp.*, 432 F.3d 150 (2d Cir. 2005); *Beller & Keller v. Tyler*, 120 F.3d 21 (2d Cir. 1997); *McLearn v. Cowen & Co.*, 660 F.2d 845 (2d Cir. 1981); *Garcia v. United States*, No. 97 Civ. 2962 (PKL), 2009 U.S. Dist. LEXIS 17905 (S.D.N.Y. Feb. 24, 2009); *Rodriguez v. United States*, No. 97 Civ. 2545, 2005 U.S. Dist. LEXIS 6592 (S.D.N.Y. Apr. 15, 2005))] As noted previously, however, a habeas petitioner cannot use Rule 60 to attack a criminal conviction.[3] *See United States v. Diaz*, 79 F. App'x 151, 152 (6th Cir. 2003) ("A party may not seek relief from a criminal sentence under Fed. R. Civ. P. 60(b), because Rule 60(b) is not applicable to criminal proceedings."); *see also Harris*, 367 F.3d at 77 (noting that Rule 60(b) may be used to challenge the integrity of a previous habeas proceeding, but "not the underlying criminal conviction"). Thus, even if Combs' new claim under Rule 60(b) is construed as a successive § 2255 motion, *see In re Nailor*, 487 F.3d 1018, 1023 (6th Cir. 2007), it is nevertheless without merit because the Court has already determined that there was no jurisdictional flaw or double-jeopardy

---

[3] Indeed, two of the cases cited by Combs in his objection stand for precisely that proposition. *See Garcia*, 2009 U.S. Dist. LEXIS 17905, at *7 ("While Rule 60(b) can provide relief from a previous habeas ruling, it is only available to attack the integrity of the habeas proceeding itself; Rule 60(b) cannot be used to challenge the underlying criminal conviction."); *Rodriguez*, 2005 U.S. Dist. LEXIS, at *19 ("Relief under Rule 60(b) is available 'only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction.'" (quoting *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004))).

violation with respect to the second indictment.  *See supra* Part II.A.1.  Therefore, the judgment is not void, and Combs' final argument also fails.

      **B.**      **Motion Challenging Constitutionality of 18 U.S.C. § 924(c)**

In his most recent motion, Combs challenges the constitutionality of § 924(c) on equal-protection grounds.  [*See* Record No. 101]  In support of this new argument, he cites a recent Supreme Court case, *Bond v. United States*, 131 S. Ct. 2355 (2011).  As explained previously, however, a substantive claim not raised on direct appeal may not be pursued at this stage unless Combs can demonstrate (1) cause and prejudice or (2) that he is actually innocent.[4]  *See Bousley*, 523 U.S. at 622.  Here, Combs has shown neither and his equal-protection argument is procedurally barred.[5]

### III.

Each of Combs' challenges to his conviction is without merit.  Accordingly, it is hereby

**ORDERED** as follows:

(1)    Defendant/Movant Leon Combs' motions to vacate, set aside, or correct his sentence [Record Nos. 52, 64, 67, 78, 98], as well as his Motion Challenging the Constitutionality of 18 U.S.C. § 924(c) [Record No. 101], are **DENIED**.

---

4    Although, as stated above, claims of ineffective assistance of counsel may excuse a habeas petitioner from the cause-and-prejudice requirement, *see Massaro*, 538 U.S. at 504-09, this exception would not apply to Combs' present argument, which is based on a case decided several years after his appeals were resolved and could not have been raised by counsel.

5    The Court notes that *Bond* would be of little help to Combs in any event, as he relies merely on dicta from a concurring opinion.  [*See* Record No. 101, p. 4 (citing *Bond*, 131 S. Ct. at 2367 (Ginsberg, J., concurring))]

(2)     The Report and Recommendation of United States Magistrate Judge Edward B. Atkins [Record No. 99] is **ADOPTED** and **INCORPORATED** herein by reference.

(3)     Combs' objections [Record No. 100] to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

(4)     The Petitions for Habeas Corpus Relief under 28 U.S.C. § 2255 are **DISMISSED** and this matter is **STRICKEN** from the Court's docket.

This 26th day of August, 2011.

Signed By:
*Danny C. Reeves* DCR
United States District Judge